UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Donald Roger Burr, #6462, | ) | C/A No.   4:25-12694-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Cambo Streater, Kip Kister, | ) | |
| Brent Taylor, Sean Gopaul, Michael Irvin, | ) | |
| John Andrew Lewis, Nurse Pam, | ) | |
| Judge Ingram, *Probate Judge,* | ) | |
| John Davis, Jr., *Magistrate Judge*, | ) | |
| Defendants. | ) | |

This is a civil action filed by a pretrial detainee proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.  *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case.  This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Plaintiff's Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id*. ; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## **DISCUSSION**

Plaintiff's action is subject to dismissal for frivolity as it is a duplicate of pending No. 4:25-cv-12573-JD-TER.  On October 2, 2025, Plaintiff was ordered:

> A Complaint was filed dated August 24, 2025, in No. 4:25-cv-12573-JD-TER, with the same nine defendants, regarding the same events as in this action. On September 23, Plaintiff was ordered to file an Amended Complaint in that action. Before receiving that order, Plaintiff filed the instant action on September 20, 2025. Plaintiff is put on notice that this action, No. 4:25-cv-12694-JD-TER is subject to summary dismissal as frivolous as it is a duplicate of No. 4:25-cv-12573-JD-TER. Out of an abundance of caution, Plaintiff is put on notice that he may voluntarily dismiss this action to avoid future disposition of this action as one of his three strikes under 28 U.S.C. § 1915(g). Plaintiff should comply with the prior order of the court in No. 4:25-cv-12573-JD-TER.

(ECF No. 7). Plaintiff did comply in No. 4:25-cv-12573 and filed an Amended Complaint on October 17, 2025 and has been responsive as of this date in that first-filed action. After the court's notice and opportunity, Plaintiff did not voluntarily dismiss this action to avoid being charged the fee and future disposition of the action as a strike.

The Defendants are the same as in No. 4:25-cv-12573 and the allegations regarding alleged events from 2022-2025, seizure of Plaintiff's wife's remains, Plaintiff's wife's truck, excessive force during a search of Plaintiff's home and related arrest, general allegations of conditions of confinement, and denial of medical care are the same in the instant action as in No. 4:25-cv-12573-JD-TER. Therefore, the undersigned concludes that "the instant Complaint should be summarily dismissed as a frivolous duplicate filing in the interest of judicial economy and efficiency." *Paul v. de Holozer*, No. 3:15-cv-2178-CMC-PJG, 2015 WL 4545974, at \*6 (D.S.C. July 28, 2015), *aff'd,* 631 Fed. Appx. 197 (4th Cir. 2016); *Warren v. City of Greensboro Inspections Dep't*, No. 2017 WL 11211360, at \*1 (M.D.N.C. Feb. 7, 2017) (same), *adopted*, 2017 WL 11208264 (M.D.N.C. Mar. 3, 2017); *see also Cottle v. Bell,* 229 F.3d 1142 (4th Cir. 2000) ("Because district

courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e).”). “The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.” *Roberts v. Bragg*, No. 9:21-cv-01249-JD-MHC, 2021 WL 8013762, at *2 (D.S.C. June 4, 2021), *adopted*, 2022 WL 1050449 (D.S.C. Mar. 14, 2022)(collecting cases)(internal citation and quotation omitted).

## RECOMMENDATION

It is recommended that the District Court dismiss this action as frivolous *without prejudice* under § 1915(e) and § 1915A and *without issuance and service of process.*

s/Thomas E. Rogers, III

November 4, 2025                                  Thomas E. Rogers, III
Florence, South Carolina                          United States Magistrate Judge

**Plaintiff's attention is directed to the important notice on the next page.**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

5